UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

FABRIZIO TERRANOVA,

        Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, JOHN LEMPKE, as
Superintendent of the Wende Correctional
Facility, MICHAEL J. CHLUDZINSKI, JAMES
JOHNSON, and JOHN DOE, A through Z
collectively,

        Defendants.

**DECISION AND ORDER**

1:16-CV-00537 EAW

---

## INTRODUCTION

Plaintiff Fabrizio Terranova ("Plaintiff") filed this action on June 30, 2016. (Dkt. 1). Plaintiff filed an amended complaint on November 28, 2016, alleging claims arising out of an alleged beating by corrections officers at Wende Correctional Facility. (Dkt. 7). Plaintiff is represented by counsel. Presently before the Court is defendant John Lempke's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 8). For the reasons stated below, Defendant's motion is granted.

## FACTUAL BACKGROUND

The facts alleged in the amended complaint are as follows: after requesting urgent medical attention, Plaintiff, an inmate at Wende Correctional Facility, was violently

- 1 -

beaten in an unprovoked attack by unidentified corrections officers. (Dkt. 7 at ¶¶ 12-16). At least one unidentified supervisory officer observed the beating but failed to intervene. (*Id.* at ¶ 17). As a result of the officers' conduct, Plaintiff "sustained multiple injuries, including but not limited to[:] lacerations, traumatic brain injury, fractured ribs, multiple bruises and contusions, permanent neurological injuries, mental anguish, emotional distress, and post traumatic stress disorder." (*Id.* at ¶ 19). Plaintiff was later charged with violating prison rules and inciting violence. (*Id.* at ¶ 20).

Plaintiff brings causes of action for the denial of medical care, excessive use of force, and failure to intervene. (*See id.* at ¶¶ 21-45). The amended complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.[1] (*Id.* at ¶ 8). Although the amended complaint fails to specify a single federal law or constitutional provision which was violated, the Court interprets Plaintiff's claims as arising under 42 U.S.C. § 1983.[2]

## DISCUSSION

### I. Standard of Review

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief." *Zucco v. Auto Zone, Inc.*, 800 F. Supp.

---

[1] The amended complaint also alleges that the Court has jurisdiction pursuant to its removal jurisdiction. (*See* Dkt. 7 at ¶ 8 (alleging jurisdiction pursuant to 28 U.S.C. §§ 1441, 1443, 1446)). As this case was originally filed in this Court (*see* Dkt. 1), Plaintiff's references to the Court's removal jurisdiction appear incorrect.

[2] Additionally, Plaintiff makes no reference to any of his claims arising under state law, nor does he assert that the Court has jurisdiction over any state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

2d 473, 475 (W.D.N.Y. 2011). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court generally may consider only "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008) (citations omitted).

## II. The Court Will Not Consider Facts Outside of the Amended Complaint

Before addressing the merits of Defendant's motion, the Court must address facts submitted by Plaintiff in opposing the motion which do not appear in the amended complaint. In his motion papers, Plaintiff alleges Defendant permitted unconstitutional customs and practices, failed to take measures to prevent brutality by corrections officers, and failed to investigate complaints of brutality. (Dkt. 11 at 6-7).

In deciding a Rule 12(b)(6) motion, the Court is generally limited to reviewing "the allegations contained within the four corners of [the plaintiff's] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998); *see, e.g., Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000) (finding that a district court errs if, in deciding a Rule 12(b)(6) motion, it "relies on factual allegations contained in legal briefs or memoranda"). However, where the additional documents are integral to or relied upon by the complaint, the court may consider them without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

Here, Plaintiff, wholly inappropriately, has submitted facts which go beyond what is alleged in the amended complaint, and includes information that is neither integral to nor relied upon in the amended complaint. Consideration of these additional allegations would be procedurally improper without converting Defendant's motion to one for summary judgment. No party is on notice of such a conversion, and no discovery has yet

occurred in this case. Therefore, conversion would be inappropriate, and the Court will not consider the extraneous material provided by Plaintiff in deciding the instant motion.[3]

### III. The Amended Complaint Fails to Allege Defendant's Personal Involvement

Defendant argues that Plaintiff's claims must be dismissed as to Defendant because the amended complaint contains no allegations of Defendant's personal involvement. (Dkt. 8-1 at 4-6). The Court agrees.

A supervisory defendant must have been personally involved in a constitutional deprivation to be held liable under § 1983. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986); *see Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("Supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." (citation omitted)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Personal involvement may be shown where:

> A supervisory official, after learning of the violation through a report or appeal, . . . failed to remedy the wrong[;] . . . created a policy or custom under which unconstitutional practices occurred, or allowed such a policy

---

[3] Plaintiff has not sought leave to amend the complaint to assert these additional factual allegations as a basis for a claim against Defendant, and the Court offers no opinion on whether those additional factual allegations would be sufficient to plausibly allege a claim against Defendant. Although "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Indus., Inc. v. Sum Holding L.P.*, 49 F.2d 42, 48 (2d Cir. 1991), Plaintiff has already amended his complaint. (*See* Dkt. 7). Additionally, the Court notes that Plaintiff is counseled, not *pro se*. As a result, the Court declines to *sua sponte* grant leave to amend.

or custom to continue[; or] . . . was grossly negligent in managing subordinates who caused the unlawful condition or event.

*Williams*, 781 F.2d at 323-24 (internal citations omitted). However, a "'plaintiff cannot base liability solely on the defendant's supervisory capacity or the fact that he held the highest position of authority' within the relevant governmental agency or department." *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (citation omitted); *see also Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999) (finding a claim against a parole board chairman was "properly dismissed as frivolous because [the plaintiff] never alleged any facts describing [the chairman's] personal involvement in the claimed constitutional violations").

Here, Plaintiff makes no allegation as to Defendant beyond asserting that Defendant is the Superintendent of Wende Correctional Facility. (*See* Dkt. 7 at ¶ 3). Plaintiff alleges no *facts* suggesting personal involvement by Defendant. Plaintiff's accusations are, at best, conclusory and fail to raise the specter of relief beyond the speculative level. Thus, Plaintiff fails to state a claim against Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. 8) is granted, and Plaintiff's claims against Defendant are dismissed without prejudice. The Clerk of Court is directed to terminate Defendant as a party to this action.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 3, 2017
       Rochester, New York