UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FABRIZIO TERRANOVA,

                Plaintiff,

        v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND
COMMUNITY SUPERVISION,
MICHAEL J. CHLUDZINSKI, JAMES
JOHNSON, and JOHN DOE, A through
Z collectively,

                Defendants.
_____

**DECISION AND ORDER**

1:16-CV-00537 EAW

## INTRODUCTION

Plaintiff Fabrizio Terranova ("Plaintiff"), a prisoner residing at the Wende Correctional Facility ("Wende"), brings claims pursuant to 42 U.S.C. § 1983 arising out of an alleged beating by corrections officers. (Dkt. 7). Presently before the Court is a motion by defendant New York State Department of Corrections and Community Supervision ("DOCCS" or "Defendant") to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 24), and Plaintiff's request for early discovery pursuant to Rule 26(d)(1) (Dkt. 27 at 4-5). For the reasons stated below, Defendant's motion is granted, and Plaintiff's request is denied.

- 1 -

## BACKGROUND

The following facts are taken from the Amended Complaint (Dkt. 7), the operative pleading in this matter. As is required at this stage of the proceedings, Plaintiff's allegations are treated as true.

Plaintiff was transferred from the Sing Sing Correctional Facility to Wende on January 1, 2015. (Dkt. 7 at ¶ 12). On July 9, 2015, Plaintiff noticed blood in his urine and requested emergency medical attention from the corrections officer on duty in his cell block. (*Id.* at ¶ 13). The corrections officer ordered Plaintiff to put on his shoes and exit his cell. (*Id.* at ¶ 14). Plaintiff complied, and as he exited his cell, the corrections officer struck him in the face. (*Id.* at ¶¶ 14-15). The corrections officer then handcuffed Plaintiff and slammed him into the floor. (*Id.* at ¶ 15). While Plaintiff was on the floor, the corrections officer and several other corrections officers kicked and punched Plaintiff in his torso and midsection. (*Id.* at ¶ 16). While the assault was ongoing, a supervisor or commanding officer observed the conduct and allowed it to continue. (*Id.* at ¶ 17). The corrections officers then dragged Plaintiff into an adjacent building, where two corrections officers continued to assault Plaintiff. (*Id.* at ¶ 18).

As a result of the officers' conduct, Plaintiff "sustained multiple injuries, including but not limited to[:] lacerations, traumatic brain injury, fractured ribs, multiple bruises and contusions, permanent neurological injuries, mental anguish, emotional distress, and post traumatic stress disorder." (*Id.* at ¶ 19). Plaintiff was later charged with violating prison rules and inciting violence. (*Id.* at ¶ 20).

Plaintiff brought this lawsuit on June 30, 2016 (Dkt. 1), and filed the Amended Complaint on November 28, 2016 (Dkt. 7). John Lempke was dismissed from the action on August 3, 2017 (Dkt. 14), and Defendant was served on July 12, 2018 (Dkt. 23).

Defendant filed the instant motion on July 24, 2018. (Dkt. 24). Plaintiff submitted his response on September 27, 2018 (Dkt. 27), and Defendant replied on October 9, 2018 (Dkt. 28).

## DISCUSSION

### I. Motion to Dismiss

#### A. 12(b)(1) Legal Standard

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that the court retains jurisdiction." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "[T]he district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003), *aff'd*, 249 F. App'x 851 (2d Cir. 2007).

B. <u>Lack of Subject Matter Jurisdiction</u>

Defendant moves to dismiss Plaintiff's claims, asserting that it is protected by the doctrine of sovereign immunity. For the reasons that follow, the Court grants Defendant's motion.

Under the Eleventh Amendment, states and their agencies are immune from suits brought by private parties in federal court, unless Congress "unequivocally expresses its intent" to abrogate that immunity and "acts pursuant to a valid exercise of power," or a state waives its immunity. *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (quotations and citation omitted). This jurisdictional bar applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

It is well established that Defendant is considered an arm of the state to which sovereign immunity extends. *See, e.g., Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) ("[T]he dismissal of [the plaintiff]'s claims against . . . [DOCCS] . . . is affirmed, because these claims are barred by the Eleventh Amendment."); *Wilson v. Celestin*, No. 17-CV-5592 (MKB), 2018 WL 2304762, at *2 (E.D.N.Y. May 18, 2018) (holding DOCCS is an arm of the state, and consequently the plaintiff's § 1983 claim was barred by sovereign immunity); *Johnson v. New York*, No. 10 Civ. 9532(DLC), 2012 WL 335683, at *1 (S.D.N.Y. Feb. 1, 2012) (same). Plaintiff has not argued that Defendant waived its sovereign immunity in this matter, *Jones v. N.Y. State Div. of Military and Naval Affairs*,

166 F.3d 45, 49 (2d Cir. 1999), nor did Congress override the Eleventh Amendment when it enacted § 1983, see *Quern v. Jordan*, 440 U.S. 332, 345 (1979).[1] Therefore, the Court finds Plaintiff's claims against Defendant are barred by sovereign immunity and grants Defendant's motion to dismiss.

## II. Request for Discovery Prior to Rule 26(f) Conference

Plaintiff requests that the Court issue an order authorizing, prior to the Rule 26(f) conference, the disclosure of the identities of the corrections officers assigned to Wende on the date of the incident. (Dkt. 27 at 4-5). The Court denies Plaintiff's request for the reasons that follow.

Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). However, discovery will be permitted in advance of a Rule 26(f) conference when it is "authorized . . . by court order." *Id.* "This is generally viewed as requiring a showing of good cause." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012).

Plaintiff has not shown good cause here. Although the Court has dismissed DOCCS from the instant lawsuit, two other named defendants remain. Plaintiff has presented no reason why *early* discovery is required here—he seeks only to identify the corrections

---

[1] Plaintiff asserts that "[t]he argument that states are blanketedly [sic] protected, allowing their agents and agencies to violate the civil rights of individuals, is contrary to the spirit of [§ 1983] as it was enacted," relying on Justice Brennan's dissenting opinion in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Such a position goes clearly against the overwhelming volume of Supreme Court and Second Circuit precedent cited throughout this Decision by which the Court is bound.

officers involved in the alleged incident, something he can request during the normal course of discovery.² *See, e.g., Warren v. Goord*, 476 F. Supp. 2d 407, 413-14 (S.D.N.Y. 2007) ("[T]he Court will not dismiss the claim against John Doe until plaintiff has had sufficient discovery to name the defendant."); *Haussman v. Fergus*, 894 F. Supp. 142, 150 (S.D.N.Y. 1995) (not dismissing the plaintiff's § 1983 claim against a John Doe defendant until the defendant was still unidentified after the completion of discovery). Accordingly, Plaintiff's request is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 24) is granted, and Plaintiff's request for discovery prior to the Rule 26(f) conference (Dkt. 27 at 4-5) is denied. The Clerk of Court is instructed to terminate the New York State Department of Corrections and Community Supervision from the instant action.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 22, 2019
       Rochester, New York

---

² Plaintiff appears to make a request similar to those allowed by the Second Circuit in *pro se* cases pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). However, Plaintiff in the instant matter is counseled, and therefore not entitled to the assistance afforded *pro se* litigants by *Valentin* in identifying John and Jane Doe defendants.

- 6 -