UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FABRIZIO TERRANOVA,

               Plaintiff,                       **DECISION AND ORDER**

            v.                            1:16-CV-00537 EAW

JAMES K. JOHNSON, JEFFREY J.
PATTERSON, ROGER J. TANGUAY,
ANGELO M. VISCUSO, SCOTT D.
RYBAK, MICHAEL J. CHLUDZINSKI,
and JOHN DOE A through Z collectively,

               Defendants.
_____

## INTRODUCTION

Plaintiff Fabrizio Terranova ("Plaintiff") alleges claims pursuant to 42 U.S.C. § 1983 related to an incident at the Wende Correctional Facility ("Wende") on June 9, 2015. (Dkt. 34). Named defendants James K. Johnson, Jeffrey J. Patterson, Roger J. Tanguay, Angelo M. Viscuso, Scott D. Rybak, and Michael J. Chludzinski (collectively "Named Defendants") seek dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that they are barred by the applicable statute of limitations. (Dkt. 48). For the reasons set forth below, Named Defendants' motion is granted.

## BACKGROUND

**I.    Factual Background**

The following facts are taken from Plaintiff's Second Amended Complaint (Dkt. 34), which is the operative pleading in this matter. As is required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), was transferred to Wende on January 1, 2015. (*Id.* at ¶ 13). On July 9, 2015, Plaintiff requested medical attention from defendant Chludzinski, a corrections officer. (*Id.* at ¶¶ 2, 14-15). Chludzinski told Plaintiff to put on his shoes and exit his cell and, when Plaintiff complied, Chludzinski struck Plaintiff, placed him in handcuffs, and slammed him onto the ground. (*Id.* at ¶¶ 15-16). Defendants Patterson, Rybak, Tanguay, and Viscuso, who were also corrections officers, then joined Chludzinski in kicking Plaintiff while he was still on the ground. (*Id.* at ¶ 17). Defendant Johnson, a supervising officer, observed this assault on Plaintiff but did not intervene. (*Id.* at ¶ 18). Plaintiff was then dragged to another building and beaten by defendants John Does A through Z. (*Id.* at ¶ 19).

**II.    Procedural Background**

Plaintiff commenced the instant action on June 30, 2016. (Dkt. 1). Plaintiff's initial Complaint identified four named defendants in addition to John Doe defendants: DOCCS, Wende Superintendent John Lempke, Chludzinski, and Johnson. (*Id.*). On November 28, 2016, prior to serving any defendant, Plaintiff filed an Amended Complaint that omitted

any claims against Chludzinski and Johnson—in other words, the Amended Complaint asserted claims against DOCCS, Lempke, and John Doe defendants. (Dkt. 7).

Lempke moved to dismiss the claims against him on February 1, 2017 (Dkt. 8), and the Court granted the motion on August 3, 2017 (Dkt. 14). Following resolution of a dispute regarding service of process on DOCCS (*see* Dkt. 20), DOCCS moved for dismissal based on a lack of jurisdiction (Dkt. 24). On September 27, 2018, Plaintiff filed papers in opposition to DOCCS' motion and a cross-motion for early discovery under Federal Rule of Civil Procedure 34. (Dkt. 27). The Court granted DOCCS' motion to dismiss on March 22, 2019 (Dkt. 29) and on March 28, 2019, entered an order requesting the New York State Attorney General's Office to ascertain the full name of the John Doe defendants and produce the information within 35 days (Dkt. 30).

On April 29, 2019, Plaintiff filed a motion for leave to file a second amended complaint. (Dkt. 31). The Court granted the request on June 14, 2019 (Dkt. 33), and the Second Amended Complaint was filed on June 18, 2019 (Dkt. 34). The Second Amended Complaint asserts claims against Named Defendants, as well as against "John Doe A through Z collectively." (Dkt. 34 at 1).

Named Defendants filed the instant motion to dismiss on July 24, 2019. (Dkt. 48). Plaintiff filed his response on August 14, 2019 (Dkt. 49), and Named Defendants filed their reply on August 20, 2019 (Dkt. 51).

## DISCUSSION

**I.  Legal Standard**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

In this case, Named Defendants seek dismissal based on the statute of limitations. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

## II. Statute of Limitations and Relation Back

Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983. (*See* Dkt. 34 at ¶¶ 28, 41, 47)[1]. "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)).

Here, the incident underlying Plaintiff's claims allegedly occurred on July 9, 2015. (*See* Dkt. 1 at ¶ 14). It is undisputed that Plaintiff knew of the harm when it occurred and so the three-year statute of limitations expired on July 9, 2018. However, the Second Amended Complaint, which asserts the pending claims against the Named Defendants, was

---

[1] Plaintiff's second cause of action, while asserted pursuant to § 1983, also makes reference to battery. (Dkt. 1 at ¶¶ 30-42). To the extent Plaintiff is attempting to assert a battery claim under New York State common law, such claim is subject to a one-year statute of limitations. N.Y. C.P.L.R. 215(3); *see also Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016).

not filed until June 18, 2019 (and Plaintiff did not seek leave to file it until April 29, 2019). (Dkt. 31; Dkt. 34). As such, Plaintiff's claims against the Named Defendants are timely only if they relate back to the filing of the original Complaint on June 30, 2016.

"Amended pleadings that meet the requirements of [Federal] Rule [of Civil Procedure] 15(c) are considered to relate back to the date of the original complaint." *Hogan*, 738 F.3d at 509 (internal quotation marks omitted). Further, "John Doe substitutions . . . may only be accomplished when all of the specifications of [Rule] 15(c) are met." *Id*. (quotation omitted). Two provisions of Rule 15(c) are relevant here: (1) Rule 15(c)(1)(C), which "provides the federal standard for relation back"; and (2) Rule 15(c)(1)(A), which "permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." *Id*. at 517-19 (quotation omitted).

With respect to Rule 15(c)(1)(C), the Second Circuit has summarized the requirements for relation back thereunder as follows:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Id.* at 517 (alterations in original and quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995)).[2] The Second Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Id.* This is because "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity,'" and so the third requirement of Rule 15(c)(1)(C) is not satisfied under such circumstances. *Id.* (quoting *Barrow*, 66 F.3d at 470).

Here, Plaintiff acknowledges that the Second Amended Complaint substituted in Named Defendants "from their previous identifications as John Doe 'A' through 'Z.'" (Dkt. 50 at 7). Accordingly, Rule 15(c)(1)(C) cannot provide a basis for relation back in this case.[3] *See Boston v. Suffolk Cty., New York*, 326 F. Supp. 3d 1, 11 (E.D.N.Y. 2018) ("Therefore, because the Second Circuit has explicitly held that lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity, the Plaintiff cannot avail himself of Rule 15(c)(1)(C)." (quotations and citations omitted)).

The Court turns next to Rule 15(c)(1)(A), which "instructs courts . . . to look to the entire body of limitations law that provides the applicable statute of limitations." *Hogan*, 738 F.3d at 518. Because "§ 1983 derives its statute of limitations from state law," the

---

[2] Rule 15(c)(1)(C) incorporates by reference the time for service of process set forth in Federal Rule of Civil Procedure 4(m). At the time of the *Hogan* decision, Rule 4(m) contained a 120-day time limit; that time limit has subsequently been shortened to 90 days.

[3] The Court further notes that Plaintiff also cannot satisfy Rule 15(c)(1)(C)'s requirement that the Named Parties were put on notice of the lawsuit within 90 days of filing, which is another basis for finding that the Second Amended Complaint does not relate back under this provision of Rule 15(c).

Court must consider whether Plaintiff satisfies the "more forgiving principle of relation back" set forth in section 1024 of the New York Civil Practice Law and Rules ("CPLR"). *Id*. (internal quotation marks omitted). CPLR 1024 provides that:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

CPLR 1024. "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*." *Hogan*, 738 F.3d at 518-19 (collecting cases). There are two requirements for a party seeking to "take advantage of § 1024. . . . First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. Second, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id*. at 519 (citations and quotations omitted and second alteration in original).

Here, Plaintiff has failed to satisfy either of the requirements of CPLR 1024. With respect to due diligence, Plaintiff contends that he "relied on the premise that the identities of the officers would be subject to Rule 26 disclosure, not anticipating that it would take one thousand one (1,001) days from the commencement of the action for the various procedural and jurisdictional actions to be filed, argued, and decided before the New York State Attorney General's office (only following prompting by the Court) to disclose the identities of the Co-Defendants [sic]." (Dkt. 50 at 8-9). Plaintiff argues that his "efforts were reasonable under the circumstances." (*Id*. at 9). The Court is not persuaded.

"Due diligence in this context requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (quotations omitted). Plaintiff has not made such a showing in this case. First, with respect to defendants Chludzinski and Johnson, Plaintiff named these individuals in his original Complaint and then omitted them from the Amended Complaint, making no additional attempts to assert claims against them before the statute of limitations expired. Plaintiff cannot claim that he engaged in due diligence with respect to these defendants. *See Boston*, 326 F. Supp. 3d at 13 ("Plaintiff cannot avail himself of the benefits of § 1024 where . . . [t]he Plaintiff had the names of the officers before the statute of limitations expired, yet made no attempt to amend his complaint or serve them."); *Ceara*, 68 F. Supp. 3d at 408 ("[A] plaintiff may not designate a party as 'John Doe' under § 1024 if he has actual knowledge of the party's identity."). Plaintiff has offered no explanation whatsoever for why he dropped Chludzinski and Johnson as named defendants in the Amended Complaint and then failed to reassert his claims against them before the statute of limitations expired.

Second, with respect to all other Named Defendants, as noted above, Plaintiff claims that he intended to rely on discovery to uncover their identities. However, the Court does not find that this passive conduct constitutes "due diligence." As it became clear to Plaintiff that the initial service and jurisdictional issues in this case were taking significant time to resolve, he had options available to seek the identity of the John Does that he failed to pursue. Indeed, he did eventually file a request for early discovery on September 27, 2018, but by that point the statute of limitations had already expired. Plaintiff has failed to

identify any affirmative actions he took to discover Plaintiff's identities prior to the expiration of the statute of limitations. While Plaintiff makes a vague claim that he had "difficulties in confirming the identities of the [Named Defendants]" (Dkt. 50 at 8), he has not submitted any details whatsoever regarding what efforts he made to do so. On these facts, there is no basis to conclude that Plaintiff engaged in due diligence prior to the running of the statute of limitations.

Further, Plaintiff did not describe the John Doe defendants with sufficient particularity to inform the Named Defendants—other than Chludzinski and Johnson—that they were the intended defendants. While the Amended Complaint states that John Does B and C are "believed to be" Chludzinski and Johnson, respectively, it describes the remaining John Doe defendants merely as having been employed as correctional officers at Wende at all relevant times. (Dkt. 7 at 2). The Amended Complaint also fails to provide a particularized account of the conduct of the John Doe defendants. (*Id*. at 4). This falls short of the kind of information that courts have found satisfies the second prong of CPLR 1024. *See, e.g., Hogan*, 738 F.3d at 519 (finding second CPLR 1024 requirement met where the complaint "describe[d] with particularity the date, time, and location of the alleged . . . incident" and also "include[d] substantial detail concerning the appearance of his alleged assailants"); *Ceara*, 68 F. Supp. 3d at 411-12 (finding second CPLR 1024 requirement satisfied where the complaint provided specific details regarding the shift the defendant worked and the fact that his brother also worked at the correctional facility and also described "Defendant's precise conduct").

Named Defendants have shown that Plaintiff's claims against them are time-barred on the face of the Second Amended Complaint. Plaintiff has failed to demonstrate that the Second Amended Complaint relates back to the filing of the original Complaint or the Amended Complaint. As such, Named Defendants are entitled to dismissal.

### III. <u>Remaining John Doe Defendants</u>

Having determined that the claims against Named Defendants must be dismissed, the Court turns to the issue of the identity of the remaining John Doe defendants, whom allegedly assaulted Plaintiff after he was dragged to a second, unidentified building. It appears that whatever information the Attorney General's Office provided to Plaintiff in response to the Court's request did not allow him to identify these officers. At this point in the proceedings, it is incumbent upon Plaintiff, should he still wish to pursue claims against the remaining John Doe defendants, to provide additional information to aid in an identification thereof. By no later than <u>April 3, 2020</u>, Plaintiff is instructed to submit to the Court all information he possesses regarding the identities of the remaining John Doe defendants, including a physical description of each of them. If Plaintiff fails to make such submission, the Court may dismiss his claims against the remaining John Doe defendants.

### **<u>CONCLUSION</u>**

For the reasons set forth above, the Court grants Named Defendants' motion to dismiss. (Dkt. 48). The Clerk of Court is instructed to terminate Named Defendants (Michael J. Chludzinski, James K. Johnson, Jeffrey J. Patterson, Scott D. Rybak, Roger J. Tanguay, and Angelo M. Viscuso) as defendants in this matter. Plaintiff is ordered to submit to the Court all information he possesses regarding the identities of the remaining

John Doe defendants, including a physical description of each of them, by no later than

<u>April 3, 2020</u>.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 17, 2020
      Rochester, New York